IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1537-BD |
| | § | |
| PROMISE N. ARINZE | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff United States of America, by and through the U.S. Attorney for the Northern District of Texas, has filed a motion for summary judgment in this civil action to collect a defaulted federally insured student loan. For the reasons stated herein, the motion is granted.

I.

On or about December 20, 1984 and October 22, 1985, Defendant Promise N. Arinze executed two promissory notes, each in the principal amount of $2,500 with interest at the rate of 8% per annum, to secure a loan from Certified Savings Georgetown. (*See* Plf. MSJ App. 001-02). The loan was guaranteed by the Texas Guaranteed Student Loan Corporation and then reinsured by the United States Department of Education under loan guaranty programs authorized by Title VI-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, *et seq*. (*See id.* at 005). When defendant defaulted on his payment obligations, plaintiff filed suit in federal district court. Plaintiff now moves for summary judgment on its claim for the unpaid principal and interest due under the notes. Defendant was ordered to file a response to the motion by November 20, 2006, but has failed to do so. The court therefore considers the summary judgment motion without the benefit of a response.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U .S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who has the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir.1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex.1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir.1993).

Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See, e.g. United States v. Chumbley*, No. 3-99-CV-1848-BC, 2000 WL 1010673 at *2 (N.D. Tex. Jul. 20, 2000) (citing cases). In order to prevail on its motion, plaintiff must establish that: (1) defendant executed the promissory notes; (2) plaintiff is the present holder of the notes; and (3) the notes are in default. *Id*; *see also FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). All three elements are met here. In a sworn certificate of indebtedness attached to its motion, plaintiff has established that defendant executed promissory notes on or about December 20, 1984

and October 22, 1985, that the notes belong to the United States of America, and that defendant has been in default on his payment obligations since March 19, 1987. (*See* Plf. App. at 005). After the allowance of all just and lawful offsets, payments, and credits, defendant owes $5,311.22 in principal and $5,023.50 in interest, for a total of $10,334.72, as of November 15, 2005. (*Id.*). Interest continues to accrue on principal at the rate of $1.16 per day. (*Id.*). Without any evidence or argument from defendant to controvert these facts, plaintiff is entitled to judgment as matter of law.

## CONCLUSION

Plaintiff's motion for summary judgment [Doc. #14] is granted. Counsel for plaintiff shall submit a proposed judgment consistent with this opinion by **December 13, 2006.**

SO ORDERED.

DATED:  November 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE